**Dated: October 31, 2019**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| FERN L. EAVES, | ) | Case No. 18-13008-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| SUSAN MANCHESTER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 19-01059-SAH |
| | ) | |
| FERN L. EAVES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION AND BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON TRUSTEE'S ADVERSARIAL CAUSES OF ACTION AGAINST FERN L. EAVES FOR AN ORDER REVOKING THE DEBTOR'S DISCHARGE HEREIN FOR CONVERSION OF ESTATE PROPERTY, FOR FAILURE TO OBEY AN ORDER OF THIS COURT AND FOR JUDGMENT FOR THE VALUE OF PROPERTY OF THE ESTATE <u>WITH NOTICE FOR OPPORTUNITY FOR HEARING [DOC. 16]</u>**

The following are before the Court for consideration:

1. Complaint to Revoke the Discharge of Debtor and for Turnover of Property of the Estate [Doc. 1] (the "Complaint"), filed by plaintiff Susan Manchester, Trustee ("Trustee") on June 27, 2019;

2. Answer [Doc. 7] (the "Answer"), filed by the debtor and defendant Fern L. Eaves ("Debtor") on July 29, 2019;

3. Trustee's Motion and Brief in Support of Motion for Summary Judgment on Trustee's Adversarial Causes of Action Against Fern L. Eaves for an Order Revoking the Debtor's Discharge Herein for Conversion of Estate Property, for Failure to Obey an Order of this Court and for Judgment for the Value of Property of the Estate with Notice for Opportunity for Hearing [Doc. 16] (the "Motion"), filed by Trustee on October 3, 2019; and

4. Defendant's Response to Trustee's Motion for Summary Judgment and Brief in Support [Doc. 20] (the "Response") filed by Debtor on October 24, 2019.

## JURISDICTION

The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(J). Additionally, the parties consented to this Court's entry of final orders pursuant to Federal Rules of Bankruptcy Procedure 7008 and 7012. [Doc. 1, ¶ 3 and Doc. 7, ¶ 3].

## BACKGROUND

Debtor filed her chapter 7 voluntary petition in July 2018 and received a discharge about four months later. In April 2019, Trustee filed a motion for turnover of estate property consisting of funds Debtor had withdrawn from her retirement plan pre-petition that remained in Debtor's credit union account on the petition date. After a hearing, the Court granted Trustee's motion and ordered Debtor to turn over the funds to Trustee. Debtor, however, did not turn over the funds. Consequently, in June 2019, Trustee filed this adversary proceeding pursuant to

2

11 U.S.C. § 727(a)(6) and (d)(3),[1] seeking to revoke Debtor's discharge and obtain a judgment against Debtor for said funds. Trustee now seeks summary judgment, arguing there are no disputed material facts, and she is entitled to judgment on her complaint as a matter of law.

## UNDISPUTED MATERIAL FACTS

Since Debtor failed to include in her Response a statement of Trustee's material facts that she disputes, the Court will deem admitted all of the material facts in the Motion for purposes of ruling on the Motion. Local Rule 7056-1.C.;[2] Hagelin for President Comm. of Kansas v. Graves, 25 F.3d 956, 959 (10th Cir. 1994) ("[b]ecause the state failed to submit any materials contradicting plaintiffs' statement of facts in support of their motion for summary judgment, these facts are deemed admitted").

1. On July 9, 2018, the Debtor withdrew $39,471.71 from her retirement account. Admitted in Debtor's Answer, Paragraph #13.

2. Debtor filed her chapter 7 voluntary petition on July 18, 2018 (the "Petition Date"). [Case No. 18-13008 (the "Bankruptcy Case"), Doc. 1].[3]

---

[1] Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

[2] Local Rule 7056-1.C. provides, in pertinent part: "All properly supported material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by a statement of the non-movant that is supported by evidentiary material."

[3] It is well established that a court may take judicial notice of its own records as well as records of other courts, particularly in closely related cases. Hutchinson v. Hahn, 402 F. App'x 391, 394-95 (10th Cir. 2010) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)); Cornforth v. Fidelity Inv., 2017 WL 650132 (W.D. Okla. 2017).

3. Trustee was appointed as the duly qualified and acting chapter 7 trustee in the Bankruptcy Case. [Case No. 18-13008, Doc. 5].

4. On the Petition Date, Debtor had $12,191.85 of non-exempt retirement funds remaining in her Oklahoma Federal Credit Union Account (the "Funds"). Admitted in Debtor's Answer, Paragraph #14.

5. The Funds were not scheduled on Debtor's bankruptcy petition. See Debtor's Petition Schedule A/B and Statement of Financial Affairs. [Case No. 18-13008, Doc. 1, pp. 12, ¶¶ 16 and 17, p. 13, ¶¶ 30, 33, 34 and 35, 15 - 16, 38, ¶ 13, 39. ¶ 18].

6. Debtor received a discharge on November 6, 2018. [Case No. 18-13008, Doc. 20].

7. On April 9, 2019, Trustee filed a motion for turnover of the Funds as property of Debtor's bankruptcy estate. [Case No. 18-13008, Doc. 28].

8. After a hearing on the matter, the Court granted Trustee's motion and entered the Order on Trustee's Motion for Turnover on May 31, 2019, which ordered Debtor to turn over the Funds to Trustee (the "Turnover Order"). [Case No. 18-13008, Doc. 41].

9. Debtor did not turn over the Funds to the Trustee. Admitted in Debtor's Answer, ¶ 16.

10. Accordingly, on June 27, 2019, Trustee filed the Complaint, commencing this adversary proceeding pursuant to Section 727(a)(6) and (d)(3) seeking to revoke Debtor's discharge and obtain a judgment against Debtor for the Funds. [Doc. 1].

11. Debtor filed her answer on July 29, 2019 [Doc. 7].

**DEBTOR'S STATEMENTS OF ADDITIONAL FACT**

Debtor's statement of facts contains "additional" facts addressing her state of mind when failing to comply with the Turnover Order:

12. Debtor originally sought bankruptcy services from J.R. Matthews ("Matthews") in 2015. Response, Affidavit, ¶ 1.

13. Subsequent to 2015, Debtor faced financial hardships including a house fire and a mortgage foreclosure. Response, Affidavit, ¶ 2.

14. Debtor's mother passed away on June 4, 2018. Response, Affidavit, ¶ 3.

15. Subsequent to her mother's death, Debtor began caring for her father. Response, Affidavit, ¶ 4.

16. In June 2018, Debtor was also caring for her 17 year old daughter and her 3 month old grandson. Response, Affidavit, ¶ 5.

17. Given her financial hardships, Debtor moved in with her father in June 2018. Response, Affidavit, ¶ 6.

18. In June 2018, Debtor did not know that Matthews never filed a bankruptcy case for Debtor. Response, Affidavit, ¶ 7.

19. Debtor's wages were unable to meet the expenses related to her mother's death and the care of her father, daughter, and grandson. Response, Affidavit, ¶ 8.

20. As a result, on June 16, 2018, Debtor requested a withdrawal from her retirement account. Response, Affidavit, ¶ 9.

21. Debtor used the funds from the retirement account to pay for medical expenses, care giving expenses, and death expenses. Response, Affidavit, ¶ 10.

22. Debtor did not schedule the withdrawal in her bankruptcy schedules as she believed a bankruptcy had been filed prior to June 16, 2018, and it did not need to be listed.[4] Response, Affidavit, ¶ 11.

23. Since filing bankruptcy, Debtor suffered additional financial difficulties and illness. Response, Affidavit, ¶ 12.

24. On January 19, 2019, Debtor was diagnosed with a pulmonary nodule on her right lung and incurred medical expenses as a result thereof. Response, Affidavit, ¶ 13.

25. Debtor also suffers from diabetes, diverticulitis, and a hiatal hernia and incurs medical expenses associated therewith. Response, Affidavit, ¶ 14.

26. Debtor currently owes $11,134.00 in federal taxes and $1,463.00 in state taxes for 2018. Response, Affidavit, ¶ 15.

27. Debtor currently pays $159.00 monthly to the IRS on her 2018 tax obligation. Response, Affidavit, ¶ 16.

28. Debtor has not refused to turnover any money to Trustee but did not have extra funds to pay Trustee. Response, Affidavit, ¶ 17.

29. Debtor currently has $300.00 in her bank account. Response, Affidavit, ¶ 18.

30. The medical expenses for Debtor and those in her care depleted any funds that would have been available to turnover to Trustee. Response, Affidavit, ¶ 19.

31. Debtor did not intend to refuse to turnover monies to Trustee but funds were unavailable for the reasons set forth above. Response, Affidavit, ¶¶ 20, 21, and 24.

---

[4]The Court finds this fact to be irrelevant and nonsensical given the timing of her meeting with Matthews, the withdrawal of the Funds, and the filing of the Bankruptcy Case.

32. Debtor did not intend to defraud Trustee or her bankruptcy estate.  Response, Affidavit, ¶ 23.

33. Debtor proposes to pay Trustee $200.00 monthly in order to comply with the Turnover Order.  Response, Affidavit, ¶ 22.

## APPLICABLE STATUTORY PROVISIONS

Section 727 provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless—
>
> > (6) the debtor has refused, in the case—
> >
> > > (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;
> >
> > . . .
>
> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> > . . .
> >
> > (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if all of the pleadings, depositions, discovery responses, together with any affidavits, show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (made applicable to this proceeding by Fed. R. Bankr. P. 7056); Thom v. Bristol-Myers Squibb Co., 353 F.3d 848, 851 (10th Cir. 2003); Bank of Cushing v. Vaughan (In re Vaughan), 342 B.R. 385,

2006 WL 751388 (10th Cir. BAP 2006) (citing prior Fed. R. Civ. P. 56(c), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993)).  The moving party "bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2002).  If the movant has the burden of proof on the claim, the movant must establish each element of its claim or defense by sufficient, competent evidence to set forth a prima facie case.  Reynolds v. Haskins (In re Git-N-Go, Inc.), 2007 WL 2816215, *2  (Bankr. N.D. Okla. 2007) (citing In re Ribozyme Pharm., Inc., Sec. Litig., 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002)).  Competent summary judgment evidence does not include conclusory statements and testimony based merely on conjecture or subjective belief.  Git-N-Go, 2007 WL 2816215, *2.

"Summary judgment is not proper merely because [the non-moving party] failed to file a response.  Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its 'initial responsibility' of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law."  Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002).  However, "[b]ecause a failure to respond means the facts are considered undisputed, '[t]he court should accept as true all material facts asserted and properly supported in the summary judgment motion.  But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.'"  Wilson v. Village of Los Lunas, 572 F. App'x 635, 640 (10th Cir. 2014) (citing Reed v. Bennett, 312 F.3d. 1190, 1195 (10th Cir. 2002)).

"A fact is 'material' if under the substantive law it could have an effect on the outcome of the lawsuit." Adams v. Am. Guarantee and Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (citing Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000)). "A dispute over a material fact is "genuine" if a rational [fact finder] could find in favor of the nonmoving party on the evidence presented." Equal Emp't Opportunity Comm'n v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The evidence presented must, in turn, be considered in the light most favorable to the party opposing summary judgment. Vaughan, 342 B.R. 385, *2 (citing Bee v. Greaves, 744 F.2d 1387, 1396 (10th Cir. 1984)).

**I.  ISSUES OF MATERIAL FACT PRECLUDE ENTRY OF SUMMARY JUDGMENT ON TRUSTEE'S CLAIM UNDER SECTION 727(a)(6) AND (d)(3).**

Trustee seeks relief under Section 727(a)(6)(A) and (d)(3), which provide for revocation of a discharge where the debtor refuses to obey a lawful order of the court issued in a bankruptcy case. Adar 980 Realty LLC v. Sofer (In re Sofer), 519 B.R. 28, 34-35 (Bankr. E.D. N.Y. 2014). Section 727(a)(6) requires a plaintiff to establish that (i) the Court issued an order and (ii) the debtor refused to obey such order. Sofer, 519 B.R. at 35 (citing In re Hirsch, 2009 WL 3297278, at *6 (Bankr. E.D. N.Y. Oct. 13, 2009)). A debtor's refusal to comply with a properly granted order for turnover generally provides a basis for the denial or revocation of discharge under Section 727(a)(6) and (d)(3). Hill v. Muniz (In re Muniz), 320 B.R. 697, 700 (Bankr. D. Colo. 2005).

However,

> Refusal to obey under 11 U.S.C. § 727(a)(6) requires "more than a mere failure to obey a lawful court order." Green, 335 B.R. at 184.

9

> Some degree of willfulness or volition on the part of the debtor not to obey the order must be present. *Id.* For this reason, inability to comply with the terms of an order can negate a claim under 11 U.S.C. § 727(a)(6). See Morris v. Wright (In re Wright), 371 B.R. 472, 480 (Bankr. D. Kan. 2007) ("A debtor's inability to comply with the order, inadvertence, mistake, or impossibility will ordinarily be insufficient to revoke a debtor's discharge."). The party seeking a denial of discharge under 11 U.S.C. § 727(a)(6) must first demonstrate that the debtor received the order and failed to comply with its terms. Jordan, 521 F.3d at 433 (citations omitted). The debtor must then explain his or her reason for noncompliance. *Id.*

Bustos v. Muller (In re Muller), 2016 WL 3034754, at *8-9 (Bankr. D. N.M. 2016) (quoting U.S. Trustee v. Standiferd (In re Standiferd), 2008 WL 5273690 at *9 (Bankr. D. N.M. 2008)). Refusal to obey a court order within the confines of Section 727(a)(6) requires more than a debtor merely failing to comply with such order; the debtor's non-compliance must have been willful and with the intent to disobey the order. Lee v. Peeples (In re Peeples), 579 B.R. 254, 281 (Bankr. D. Utah 2017), aff'd, 2018 WL 3424680 (10th Cir. BAP July 16, 2018), aff'd, 2019 WL 3778361 (10th Cir. Aug. 12, 2019). A technical violation of a court order is insufficient under Section 727(a)(6). Sofer, 519 B.R. at 35 (citing In re Demar, 373 B.R. 232, 240 (Bankr. E.D. N.Y. 2007)). Accordingly, an objection to, or revocation of, discharge under Section 727(a)(6) will be denied where a debtor's failure to comply with a court order results from an inability to comply, inadvertence, or mistake, rather than a wilful, intentional disobedience or dereliction. Davis v. Osborne (In re Osborne), 2012 WL 1605468, at *2 (Bankr. D. Kan. May 8, 2012).

Although disobedience to an order must be intentional or willful, the lack of intent or willfulness is raised by defense. Rupp v. Wood (In re Wood), 2010 WL 5415833 (Bankr. D. Utah 2010). Once a plaintiff has shown that the debtor violated a known court order, the burden

10

shifts to the debtor to either justify the violation or prove that the violation did not in fact occur. Standiferd v. U.S. Trustee (In re Standiferd), 641 F.3d 1209, 1212 (10th Cir. 2011) (citing In re Jordan, 521 F.3d 430, 433 (4th Cir. 2008)). Although the burden shifts to the debtor to explain noncompliance, the ultimate burden of persuasion remains on the plaintiff. Pereira v. Gardner (In re Gardner), 384 B.R. 654, 663 (Bankr. S.D. N.Y. 2008).

Here, the sole issue in dispute is whether Debtor "refused" to obey the Turnover Order. Trustee established, and Debtor does not deny, that (i) the Court entered the Turnover Order and (ii) Debtor failed to obey the Turnover Order. Debtor has presented the Court, through the Affidavit attached to her Response, "undisputed" facts which create an issue of fact regarding her intent in failing to comply with the Turnover Order. Her failure to comply appears to be due to difficult and unfortunate financial and personal conditions which rendered her incapable of complying with the Turnover Order. Debtor did not move for summary judgment; however, she effectively created an issue of material fact regarding her intent which precludes entry of summary judgment in favor of Trustee under Section 727(a)(6) and (d)(3). "[W]here a party's willfulness is at issue, "summary judgment must be granted with caution, as usually such issues raise questions for determination by a fact finder." United States v. One 1989 Jeep Wagoneer, 976 F.2d 1172, 1176 (8th Cir. 1992) (citing Pfizer, Inc. v. International Rectifier Corp., 538 F.2d 180, 185 (8th Cir. 1976)).

**II.     TRUSTEE IS SUMMARILY ENTITLED TO A MONEY JUDGMENT.**

There is no dispute that (i) Debtor was in possession of the Funds when her bankruptcy case was filed, (ii) Debtor was ordered, pursuant to the Turnover Order, to turnover such funds to Trustee, and (iii) Debtor failed to turnover the Funds to Trustee. Debtor did not appeal the

11

Turnover Order and has not questioned the validity and binding nature of the Turnover Order. Debtor simply does not have $12,191.85 in her possession to pay to Trustee to comply with the Turnover Order.

"'If a debtor demonstrates that [he] is not in possession of the property of the estate or its value at the time of the turnover action, the trustee is entitled to recovery of a money judgment for the value of the property of the estate.'" Newman v. Schwartzer (In re Newman), 487 B.R. 193, 202 (9th Cir. BAP 2013) (citing Rynda v. Thompson (In re Rynda), 2012 WL 603657, at *3 (9th Cir. BAP Jan. 30, 2012)); King Louie Mining, LLC v. Comu (In re Comu), 2014 WL 3339593 (Bankr. N.D. Tex. 2014). When a debtor is not in possession of estate property when turnover is ordered, the appropriate remedy is a money judgment for the value of the estate property. Muniz, 320 B.R. at 700.

Accordingly, Trustee is entitled to money judgment in the amount of the Turnover Order, $12,191.85, together with the costs of this adversary proceeding in the amount of $350.00.

## **CONCLUSION**

For the reasons set forth above, the Motion is DENIED as to Trustee's Section 727(a)(6) and (d)(3) claim and GRANTED with respect to Trustee's request for a money judgment in the amount of $12,191.85, together with the costs of this action in the amount of $350.00. Trial on the Section 727(a)(6) and (d)(3) claim will be held on June 22, 2020, in accordance with the Scheduling Order [Doc. 12] entered on August 19, 2019.

IT IS SO ORDERED.

# # #